IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

*******

UNITED STATES OF AMERICA                          CR 09-12-H-CCL

    Plaintiff,

vs.                                                                    ORDER

ANDREW THOMAS SWAGER,

    Defendant.

*******

Before the Court are Defendant's First and Second Motions for Relief Under Rule 33, Fed. R. Crim. P. (Doc. Nos. 78 and 89.) The government opposes both motions.

The Court issued its Opinion, Order & Verdict (Doc. 77) on February 11, 2010, finding Defendant guilty of Count I of the Indictment. Count I charged Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2).

Defendant filed his First Motion for New Trial Under Rule 33, Fed. R. Crim. P. (Doc. 78) on February 18, 2010.  Several days after briefing was completed on that motion, on March 17, 2010, Defendant filed a Second Motion for New Trial Under Rule 33, Fed. R. Crim. P. (Doc. 89).  The last brief having been filed on April 7, both motions are now ripe for decision.

## Legal Standard

Rule 33, Fed. R. Crim. P., provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment."  Rule 33(b) provides time limitations on motions for new trial: motions grounded on newly discovered evidence must be filed within 3 years after the verdict, and motions grounded on any other reason must be filed within 14 days after the verdict.  Defendant carries the burden of justifying the need for a new trial, which determination rests in the discretion of the judge.  *See United States v. Mack*, 362 F.3d 597, 600 (9th Cir. 2004).  A district court may grant a new trial when the "interest of justice so requires."  *See United*

*States v. Moses*, 496 F.3d 984, 987 (9th Cir. 2007) (quoting Fed. R. Crim. P. 33(a)). The Court "is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000). If the Court concludes that the evidence is sufficient to sustain the verdict but a serious miscarriage of justice may have occurred, the Court may grant the motion for a new trial. *Id.*

A five-part test is used in this Circuit to determine whether a new trial should be afforded on the ground of newly discovered evidence:

> (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.

*United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc) (citing *United States v. Harrington*, 410 F.3d 598 (9th Cir. 2005 )).

First Motion for New Trial

Alibi Evidence Argument

Defendant seeks to re-open testimony concerning his trip to Washington in November/December 2008 to allow the government adequate time to rebut the alibi evidence. However, there is no need to re-open the evidence for the government because the Court admitted Defendant's alibi evidence and found it insufficient to prove a complete alibi defense to the charge. The additional evidence offered by Defendant does not meet the *Harrington* five-part test. This additional evidence was available to Defendant at the time of trial, and he was not diligent in seeking it. In essence, the alibi failed on multiple levels, and it is a remote collateral issue not relevant to the evidence supporting conviction for offense conduct in 2009.

The interests of justice do not require that the evidence be re-opened to permit the government to attack--and the Defendant to bolster--the alibi. The Court assumed *arguendo* that Defendant had a complete alibi from November 11, 2008, to December 10, 2008, and the Court nevertheless found that Defendant was guilty of the offense conduct in 2009. The government presented strong evidence of Defendant's guilt. Defendant's version of the facts required a complete

suspension of disbelief, and the Court simply could not swallow the story. Having received testimony from a number of Defendant's friends, the Court can accept that one or more of them committed the offense along with the Defendant, but the Court still cannot accept Defendant's assertion that he is innocent. The Court remains firmly convinced of Defendant's guilt beyond a reasonable doubt . Defendant's alibi is immaterial to the crime of conviction.

Due Process Argument

Next, Defendant argues that the Court's Opinion, Order & Verdict shifted the burden of proof from the government to him to prove his innocence in violation of the Due Process Clause of the Fifth Amendment. However, if Defendant wishes to put on a case–which he is not required to do–he must accept that his evidence will be scrutinized and weighed, and inferences will be drawn therefrom. The fact that his evidence is found wanting and the Court concluded that his evidence did not raise a reasonable doubt (after the government had presented a case that met all the elements of the offense beyond a reasonable

doubt) does not reflect an impermissible shifting of the burden of proof or any constitutional violation. It merely means that the defense case was unpersuasive.

The District Court, sitting as the trier of fact, considered the credibility of Defendant's testimony and the strengths and weaknesses of the defense case in all its particulars. The Court considered both the version of the facts that the defense presented and the 'uncomfortable facts and inferences' that the government presented. Defendant chose to put on a case, which the Court evaluated. The government met its burden of proof, and the Defendant failed to raise a reasonable doubt. By pointing out the relative absence of corroborating evidence, the Court did not thereby shift the burden of proof from the government to the Defendant.

Credibility Findings Argument

Last, Defendant argues that defense witness Jackie Mohler provided credible testimony, and the Court failed to state the facts it relied upon to determine that her testimony was unreliable. However, the Court did state the facts upon which it relied to determine that her testimony was unreliable.

(*See* Doc. 77 at 30-31.)  Moreover, this credibility issue relates to a minor supporting defense witness, who is relevant to an immaterial issue.

## Second Motion for New Trial

### Backup CDs Argument

Defendant's Second Motion for New Trial Under Rule 33 focuses upon the 2008 backup CDs of Defendant's computer, which CDs were not even offered into evidence by the government.  A few important points need to be made.  First, the government disclosed the CDs to the Defendant prior to trial and made them available to defense counsel for viewing (although the defense failed to view the CD images before trial).   Second, the Court clearly did not rely on Detective Fischer's testimony regarding the CDs to prove any element of the government's case.  Third, neither the backup CDs themselves, nor Detective Fischer's post-trial comments regarding the backup CDs, can satisfy the five-prong *Harrington* test for newly discovered evidence.  Fourth, as a motion for new trial brought under any other ground, the motion is untimely because it is filed thirty-four days after

the Court's order, not within the fourteen days prescribed by Rule 33(b)(2).

Defendant beats a dead horse by mistakenly arguing that he was convicted on evidence that the government never offered and the Court never saw or heard. This evidence was neither exculpatory nor essential to the government's case. Of course, it is possible a vigorous cross-examination of Detective Fischer would have helped to strengthen Defendant's alibi, but this Court already gave Defendant the alibi and convicted him anyway by clear evidence outside the scope of the alibi. Delving into such a remote collateral issue as Detective Fischer's testimony regarding the 2008 backup CDs would be a pointless exercise, for it would not change the verdict.

Defense counsel falsely mischaracterizes the Court's verdict by stating that the Court "relied on the [2008] CDs to determine defendant's guilt" (Doc. 90 at 6) when that plainly is not so.[*] The Court found that Defendant's offense occurred in

---

[*] And see Defendant's brief, wherein Defendant demands that the Court "rule that the government has failed to prove beyond a reasonable doubt that defendant received child pornography in the year 2008 warranting a judgment of acquittal on Count I of the Indictment." (Doc. 90, p. 17.)

8

2009.  The Court found that "Defendant had no alibi that placed him outside his residence in March or April 2009."  (Doc. 77, ¶ 45.)  As to April 28, 2009, the Court found "beyond reasonable doubt, that the identity of the computer operator was Defendant Swager."  (Doc. 77, ¶ 48.)  The Court found "that Defendant used his computer on the night of April 28, 2009, and in doing so Defendant knowingly received child pornography in violation of federal law."  (Doc. 77, ¶ 54.)  Whether there is or is not child pornography on the 2008 backup CDs does not matter.  There is no reason to re-open the trial to take evidence on an issue of such attenuated significance.

Prosecutorial Misconduct Argument

The Court finds Defendant's assertion of prosecutorial misconduct with respect to the backup CDs is without merit.  Detective Fischer's alleged post-trial statements are consistent with his trial testimony and consistent with the prosecutor's decision not to use the CDs in the government's case-in-chief.  Defendant's prosecutorial misconduct argument is without merit.

Conclusion

The Court concludes that the interests of justice would not be served by re-opening the evidence in this case. No substantial right of the Defendant has been jeopardized by trial errors, no Constitutional right of the Defendant has been denied him, and the evidence generally more than supports the verdict. No miscarriage of justice looms. The motions for new trial are without merit. Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for New Trial (Doc. 78) is DENIED as being without merit. Defendant's Motion Subpoena Duces Tecum (Doc. 80) is DENIED as moot. Defendant's Second Motion for New Trial (Doc. 89) is DENIED as being untimely and without merit.

DONE and DATED this 3rd day of May, 2010.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE