IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR-09-12-H-CCL-JTJ-1 |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ANDREW THOMAS SWAGER, | |
| Defendant. | |

## I. Synopsis

Mr. Swager was accused of violating his conditions of supervised release by failing to comply with the conditions of his sex offender treatment program and failing to follow the instructions of his probation officer. He admitted to the violations. Mr. Swager's supervised release should be revoked. He should be placed in custody for six months, with a lifetime term of supervised release to follow.

## II. Status

In February 2010, following a bench trial, Mr. Swager was found guilty of the crime of Receipt of Child Pornography. Doc. 77. He was sentenced to 60

1

months of incarceration, followed by a lifetime term of supervised release. Doc. 98. Mr. Swager's period of supervised release began on January 9, 2013. Doc. 115. On March 14, 2013, the Court accepted a modification to the conditions of Mr. Swager's supervision. The Court added a special condition requiring Mr. Swager to participate in, and complete, a sex offender treatment program. Doc. 113.

On September 4, 2013, Mr. Swager's probation officer filed a petition to issue a summons to revoke Mr. Swager's supervision based on his termination from his treatment program. Doc. 115. The United States Attorney filed a motion to dismiss the petition because Mr. Swager had voluntarily followed up with the requirements of the treatment provider. Doc. 122. The Court granted the motion. Doc. 123.

In December 2013, Mr. Swager's supervised release was revoked because he violated its conditions by failing to complete a sex offender treatment program, by not refraining to date or socialize with anybody who has children under the age of 18 without the permission of the probation officer, and by failing to work regularly at a lawful occupation. Mr. Swager was sentenced to 11 months of incarceration, followed by a lifetime term of supervised release. Doc. 134.

Mr. Swager's current term of supervised release began on November 4,

2

2014. Doc. 136.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Mr. Swager's supervised release on January 28, 2015. In the petition, the Probation Office accused Mr. Swager of violating Special Condition 3 of his supervised release by failing to comply with the conditions of his sex offender treatment program, namely by failing to appear for a group meeting on January 26, 2015. The Office also accused Mr. Swager of violating Standard Condition 3 of his supervised release by failing to follow the instructions of his probation officer. The petition alleged Mr. Swager continued to have contact with Julie Big Leggings, despite a directive from his probation officer that he have no contact with her. The petition also alleged Mr. Swager had not lived at his approved and registered address for three to five days. Doc. 137. Based on the petition, United States District Judge Charles C. Lovell issued a warrant for Mr. Swager's arrest. Doc. 138.

**Initial appearance**

Mr. Swager appeared before the undersigned on February 9, 2015, in Great Falls, Montana. Federal Defender R. Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United

States.

Mr. Swager said he had read the petition and understood the allegations. He did not contest the alleged violations. Mr. Swager waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. Judge Lovell referred the petition for revocation to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for hearing, findings of fact, and recommendation. Doc. 143.

**Revocation hearing**

On February 17, 2015, Mr. Swager appeared at the revocation hearing with Mr. Branom. Assistant United States Attorney Ryan Weldon appeared on behalf of the United States.

Mr. Swager admitted that he violated his supervised release Special Condition 3 and Standard Condition 3. These violations are serious and warrant revocation of Mr. Swager's supervised release.

Mr. Swager's violation grade is Grade C, his criminal history category is V, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He will be ordered to remain on supervised release for life. The United States Sentencing Guidelines call for seven to thirteen months in custody.

Mr. Branom requested a term of incarceration of four months, with lifetime

supervision to follow.  Mr. Weldon recommended a sentence of seven months of incarceration, with a lifetime term of supervision to follow.  Mr. Swager addressed the Court and acknowledged that it is not easy for him to follow the instructions of his probation officer and to be part of the community.  However, he said he is willing to do whatever it takes.

## III.  Analysis

Mr. Swager's supervised release should be revoked because he admitted violating its conditions.  Mr. Swager should be incarcerated for six months, with a lifetime term of supervised release to follow.  The conditions previously imposed should be continued.

Although the United States Probation Office did not recommend a variance, it did recommend a sentence of seven months of imprisonment, the bottom of the guidelines range.  A downward variance is justified in this case given the circumstances of the violations.  Though these were serious violations, Mr. Swager failed to attend his treatment program because he was in the hospital.  Moreover, though his probation officer feared that Mr. Swager had absconded, he voluntarily reported at the probation office on February 5, 2015.

## IV.  Conclusion

Mr. Swager was advised that the above sentence would be recommended to

Judge Lovell. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Lovell would consider Mr. Swager's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Swager's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

1. Andrew Thomas Swager violated Special Condition 3 of his supervised release by failing to appear for his sex offender treatment program on January 26, 2015.

2. Andrew Thomas Swager violated Standard Condition 3 of his supervised release by failing to follow the instructions of the probation officer.

The Court **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Swager's supervised release and committing Mr. Swager to the custody of the United States Bureau of Prisons for six months, with a lifetime term of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 18th day of February, 2015.

_____
John Johnston
United States Magistrate Judge