FILED

JUN 15 2016

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW THOMAS SWAGER,<br><br>Defendant. | CR 09–12–H–CCL–01<br><br>ORDER |

On March 9, 2016, this Court referred a Petition for Revocation (Doc. 165) for hearing, findings of fact, and recommendation to Magistrate Judge Johnston by order (Doc. 153).[1] The revocation hearing was held on June 14, 2016. Pending now before the Court is the Report of Findings & Recommendations ("F&R") filed by Magistrate Judge Johnston on June 15, 2016 (Doc. 165). Defendant has

---

[1] See 18 U.S. C. §3401(i).

waived the 14-day objection period.

## I. Background

The following facts are taken from the F&R:

1. Andrew Thomas Swager violated Special Condition 3 of his supervised release by accompanying an intoxicated woman to her apartment in violation of treatment program rules on or about August 17, 2015.

2. Andrew Thomas Swager violated Special Condition 3 of his supervised release by having an unapproved relationship with Julie Big Leggins.

3. Andrew Thomas Swager violated Standard Condition 3 of his supervised release by failing to follow the instructions of the probation officer when he had contact with Ms. Big Leggins.

4. Andrew Thomas Swager violated Special Condition 11 of his supervised release by using alcohol on or about march 4, 2016.

(Doc. 165 at 7.) At the revocation hearing, Defendant Swager admitted that he violated as alleged in Violation 1 and 3, but he denied Violation 2. (Doc. 165 at 4.)

In the F&R, Judge Johnston recommends that this Court find the Defendant

has violated three conditions of his supervised release and sentence Defendant Swager to a term of imprisonment of 99 days until June 15, 2016, with a lifetime term of supervised release to follow under the same conditions of supervision as previously imposed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1) this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." The district judge must review the magistrate judge's findings and recommendations de novo if objection is made. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). If an objection is made, the court reviews de novo only the portion to which the objection was made, the remainder is reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). No objection having been made, this Court reviews the F&R accordingly.

## III. Discussion

This is Defendant's third revocation proceeding. Defendant's violation grade is C, his criminal history category is V, and his Chapter 7 Policy Guideline Range is 7-13 months, and the Defendant could be incarcerated for up to 24 months. Defendant is required to serve a term of lifetime supervision. The government apparently agreed that Defendant should be permitted to enter into treatment at Montana Chemical Dependency Center after serving three months, and the Magistrate Judge so recommends.

## IV. Revocation Determination and Sentence

The Court therefore finds by a preponderance of the evidence that Defendant violated three conditions of his supervised release. *See* 18 U.S.C. § 3583(e)(3). Defendant's supervised release should be, and hereby is, revoked, and Defendant Swager should be resentenced.

The Magistrate Judge notified the parties that the U.S.S.G. Chapter 7 guideline range is 7-13 months incarceration, following by a lifetime term of

4

supervised release. Neither counsel objected to these findings, and this Court agrees that the guideline range and supervised release findings made by the Magistrate Judge are correct.

Having considered the recommended sentence, the requests of counsel for the Defendant and the government, and the section 3553(a) statutory sentencing factors as made applicable by 18 U.S.C. § 3583(e), and all the record in this case, the Court finds that the appropriate sentence should be as recommended by Magistrate Judge Johnston: 99 days in custody followed by a lifetime term of supervised release. The Court adopts Magistrate Judge Johnston's Findings & Recommendations in full and shall enter Judgment accordingly.

The Clerk shall send a copy of this order to Magistrate Judge Johnston and the United States Probation Office.

Done and dated this 15th day of June, 2015.

/s/ Charles C. Lovell
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

5