IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR-09-12-H-CCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Order |
| | ) | |
| ANDREW THOMAS SWAGER, | ) | |
| | ) | |
| Defendant. | ) | |

In January of this year, while Defendant's appeal of the Court's judgment revoking his supervised release and imposing a 10-month sentence was pending, Defendant Andrew Thomas Swager (Swager) submitted a *pro se* motion requesting the Court vacate his term of supervised release. After the Ninth Circuit entered a memorandum order affirming this Court's judgment in February of 2020, the United States filed its response to Swager's motion. In its response, the United States argues that the Court had no jurisdiction until the Ninth Circuit issued its mandate and that Defendant's *pro se* motion should not have been filed, given that he was represented at the time of filing by Assistant Defender Joslyn Hunt of the Federal Defender's Office of Montana.

The Ninth Circuit mandate having been filed in this case on March 5, 2020, the Court is prepared to rule on the pending motion.

## BACKGROUND

This Court, after conducting a bench trial with the consent of the parties, found Swager guilty of "Receipt of Child Pornography," in violation of 18 U.S.C. § 2252A(a)(2). In May of 2010, the Court sentenced Swager to the mandatory minimum term of five years, a downward variance from the advisory guideline range of 151 to 188 months, to be followed by a lifetime term of supervised release. Swager began his original term of supervised release in January of 2013. His supervised release has been revoked a total of seven times since his original release.

Swager's most recent revocation was initiated by a petition filed on August 1, 2019. Magistrate Judge Johnston conducted an initial appearance in Great Falls on August 6, 2019. Swager was represented at that hearing by Assistant Federal Defender Hank Branom, and Assistant Federal Defender Joslyn Hunt was appointed to represent Swager in further proceedings. On August 7, the Court set a hearing on the petition for August 20, 2019.

There was a flurry of activity in the two weeks between Swager's initial appearance and his August 20, 2019, hearing. Swager filed a *pro se* motion for early termination of his supervised release and a *pro se* and *ex parte* motion for alternate counsel; the probation office submitted an amended petition, which the

Court ordered filed; and the United States filed a notice informing the Court that it would not respond to Swager's *pro se* motion for early termination, as it was not filed by Swager's counsel.

The Court set a hearing on the two motions filed by Swager for the same date and time as the final revocation hearing. The Court excused counsel for the United States from the courtroom so that the undersigned could discuss Swager's pending motions with Swager and his counsel without creating a potential conflict. Defense counsel explained her reasons for refusing to file the *pro se* motion for early termination and stated that Swager was willing to withdraw both motions and go forward with the revocation hearing with his appointed counsel. After Swager confirmed that he was satisfied with his appointed counsel and ready to proceed, the Court explained that there was nothing in the record to support Swager's concerns about his counsel, who is an excellent attorney and has frequently appeared before this Court. The Court then asked that government counsel be informed that she should return to the courtroom so that the final revocation hearing could go forward.[1]

---

[1] Although it is not reflected in the record, the undersigned's notes from the hearing indicate that two individuals who had also left the courtroom prior to the *in camera* hearing returned to the courtroom with government counsel. Assistant Federal Defender Hunt spoke to one of those spectators who then left the courtroom until called as a witness on Swager's behalf.

Swager denied having committed each of the six violations of supervised release charged in the amended petition filed on August 13, 2019. The United States called Swager's supervising probation officer to support the allegations made in the amended petition. Swager's counsel called one witness to dispute the allegations. At the conclusion of the evidence, the Court allowed counsel for both parties to argue as to whether the violations had been proven and whether revocation was warranted. The Court found that the government met its burden of proof as to all six of the charged violations and that revocation was warranted and then informed the parties as to its calculation of the advisory guideline range. After allowing Swager a final opportunity to be heard, the Court sentenced him to ten months incarceration, followed by a lifetime term of supervised release. As noted above, the Ninth Circuit affirmed the Court's judgment in its entirety.

**DISCUSSION**

Before addressing the merits of Defendant's motion, the Court must determine whether he is currently represented by counsel or whether counsel should be appointed. Assistant Federal Defender Hunt was appointed to represent Swager in connection with his revocation proceeding, "from initial appearance through appeal, including ancillary matters appropriate to the proceedings." (Doc. 223 at 1).

Although Swager filed his currently pending motion while he was still technically represented by Assistant Federal Defender Hunt, the appointment of Assistant Federal Defender Hunt ended once the mandate was filed in the instant case. His current motion raises issues separate from the revocation proceeding and is not ancillary to that proceeding. Although the Court has discretion to appoint counsel in post-conviction proceedings, it is not required by statute or the Sixth Amendment to appoint counsel in this case. *See United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996). Having reviewed Swager's motion and the government's response, the Court has determined that there is no need to appoint counsel in connection with Swager's currently pending motion.

**Good Time Credit Issue**

Swager argues that the Federal Bureau of Prisons is "unfairly delaying implementation of the First Step Act's good time credit fix in violation of the rules of statutory construction and due process of law rendering Swager's custodial sentence unreasonable, . . . . (Doc. 241 at 2). The government correctly argues that this Court has no authority to award good time credit or to order the Bureau of Prisons to award good time credit. (Doc. 243 at 3).

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location,

Page 5 of 8

or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 205 F.3d 861, 864 (9th Circ. 2000). Swager's arguments relating to the award of good time credit should be raised in a § 2241 petition and filed in the United States District Court for the District in which he is serving his sentence. Before filing such a petition, he must first exhaust his administrative remedies.

### Early Termination of Supervised Release

Swager relies on *United States v. Trujillo*, 713 F.3d 1003 (9th Cir. 2013) to support his argument that the Court should terminate his supervised release based on retroactive application of the First Step Act. (Doc. 241 at 4). The issue in *Trujillo* was whether the defendant could seek a reduction in his original sentence in a second motion under 18 U.S.C. § 3582(c)(2) based on retroactive application of *United States v. Booker*, certain amendments to the United States Sentencing Guidelines and the § 3553(a) sentencing factors. *Id.* at 1008. The Ninth Circuit vacated and remanded the district court's denial of Trujillo's motion after finding that "the district court did not at all explain the reasons for rejecting" Trujillo's "nonfrivolous arguments." *Id.* at 1011.

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583." *United States v. Emmett*, 749 F.3d 817,

819 (9th Cir. 2014). The statute allows the Court to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). Once Swager is released from his current term of incarceration, he will need to successfully complete at least one year of supervision – i.e. go for a year without violating his conditions of supervision – before he is even eligible for early termination.

Once Swager has completed his term of incarceration and at least one year of supervision, he will be free to file a properly supported motion for early termination. At that time this Court will consult with Swager's supervising probation officer and counsel for the United States in exercising its "discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819. Swager will need to demonstrate that his conduct while on supervision and the interests of justice warrant termination of his supervised release, as required by 18 U.S.C. § 3583(e)(1).

/ / /

/ / /

/ / /

/ / /

## ORDER

The Court having carefully considered and rejected Defendant's arguments, IT IS HEREBY ORDERED that Defendant's *pro se* motion (Doc. 241) is DENIED.

Because this motion was not filed under 28 U.S.C. § 2241 or § 2255, it appears that the usual requisite of a certificate of appealability is inapplicable.

The Clerk is directed to notify counsel for the United States and Swager's formerly appointed counsel of entry of this order via the electronic filing system. The Clerk shall notify Defendant of entry of this order via conventional means.

Done and dated this 9th day of March, 2020.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE