IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 09-12-H-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ANDREW THOMAS SWAGER, | |
| Defendant. | |

## I. Synopsis

Defendant Andrew Thomas Swager (Swager) has been accused of violating the conditions of his supervised release. Swager denied all of the alleged violations. The government satisfied its burden of proof with respect to all of the alleged violations. Swager's supervised release should be revoked. Swager should be placed in custody for 4 months, with a lifetime of supervised release to follow.

## II. Status

Swager was found guilty on February 11, 2020, of Receipt of Child Pornography, following a bench trial. (Doc. 77). The Court sentenced Swager to 60 months of custody, followed by a lifetime of supervised release. (Doc. 98). Swager's current term of supervised release began on December 7, 2022.

(Doc. 332 at 4).

**Petition**

The United States Probation Office filed a Petition on November 1, 2023, requesting that the Court revoke Swager's supervised release. (Doc. 332). The Petition alleged that Swager had violated the conditions of his supervised release: 1) by failing to comply with the requirements of his home detention program; 2) by using a telephone capable of accessing the Internet to gather information about children; 3) by failing to attend sex offender treatment sessions; and 4) by knowingly communicating with an individual engaged in criminal activity.

**Initial appearance**

Swager appeared before the undersigned for his initial appearance on November 14, 2023. Swager was represented by counsel. Swager stated that he had read the petition and that he understood the allegations. Swager waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 14, 2023. The government satisfied its burden of proof with respect to all of the alleged violations. The violations are serious and warrant revocation of Swager's

supervised release.

Swager's violations are Grade C violations. Swager's criminal history category is V. Swager's underlying offense is a Class C felony. Swager could be incarcerated for up to 24 months. Swager could be ordered to remain on supervised release for up to life. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Swager's supervised release should be revoked. Swager should be incarcerated for 4 months, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Swager that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Swager of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Swager that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Andrew Thomas Swager violated the conditions of his supervised release: by failing to comply with the requirements of his home detention program; by using a telephone capable of accessing the Internet to gather information about children; by failing to attend sex offender treatment sessions; and by knowingly communicating with an individual engaged in criminal activity.

The Court **RECOMMENDS:**

That the District Court revoke Swager's supervised release and commit Swager to the custody of the United States Bureau of Prisons for 4 months, with a lifetime of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

4

judge.

DATED this 15th day of November, 2023.

John Johnston
United States Magistrate Judge